Darragh v. McKim.

DARRAGH v. McKIM, appellant.

*Practice — removal of cause from superior court of New York — Laws* 1873, *chap.* 239, *constitutional in part — due diligence required for motion to change venue.*

Defendant moved to remove a cause from the superior court of New York into this court and to change the place of trial. *Held,* that the motion was predi_ cated on the practice provided by Laws 1873, chap. 239, which was not affected by the decision in *Landers* v. *Staten Island Railroad Co.,* 53 N. Y. 450, holding that so much of that chapter as provided for the extension of the jurisdiction of the courts mentioned in it was unconstitutional.

A motion to change the place of trial must be made with reasonable diligence, and where issue was joined September 30, 1873, and the motion was not made until August 8, 1874, the case having been placed on the calendar and noticed in the county where it was brought, and two circuits having been held in the county to which removal was sought in the meantime, *held,* that the motion was too late.

APPEAL from an order denying defendant's motion to remove the cause from the superior court of the city of New York to this court, and to change the place of trial to Queens county. The action was brought in the superior court by Edward A. Darragh against Joseph McKim, to recover damages for an alleged slander spoken by said defendant, and was commenced in August, 1873. Issue was joined September 30, 1873, and the case was noticed for trial at the November, 1873, term of the superior court. On the 8th of August, 1874, defendant obtained from Mr. Justice DONO-HUE an order to show cause why the action should not be removed to this court and the place of trial changed to Queens county. The motion was made under the provisions of Laws 1873, chap. 239, §§ 3, 4, and Code, § 33, and was upon the following grounds: 1. That New York was not the proper county; and 2. That the

convenience of witnesses required a change. The motion was denied, DONOHUE, J., holding as follows:

"In this case, the defendant served with process from the superior court out of the county, and not bound to appear, did so voluntarily, and I do not think this motion comes within the provision of the statute authorizing removal. See § 33, subd. 2 of the Code. The defendant was neither served with the process in this county nor did he reside there, but voluntarily appeared. *Furman* v. *Mayor of N. Y.*, 5 Sandf. 43, affirmed in Ct. of App., 10 N. Y. 567; *Maloney* v. *Penman*, 4 Duer, 606. If the power existed, for the convenience of witnesses, on the affidavits, and considering the respective places of trial, if in New York or Queens, I think there is no advantage in Queens for the witnesses. The plaintiff swears he lives in New York, so that reason does not exist."

*Julien T. Davies*, for appellant.

*Edward S. Clinch*, for respondent.

DANIELS, J. The motion, on the decision of which the order appealed from was made, was predicated on the practice provided by chapter 239 of the Laws of 1873. This was not affected by the decision made, in which it was held that so much of that chapter as provided for the extension of the jurisdiction of the courts mentioned in it, was in contravention of the constitution of the State. *Sanders* v. *Staten Island R. R. Co.*, 53 N. Y. 450. The other provisions of the chapter apply to all actions pending in the courts mentioned in it, and include those of which these courts have unquestioned jurisdiction under the statutes previously enacted upon that subject. As to those actions it provided a mode in which they might be removed into this court and the place of trial changed, whenever the settled practice required that to be done. Id., §§ 3, 4. And an appeal to the general term has been secured to the party defeated on the motion of so complete a nature as to present for review all questions before the special term upon the hearing of the motion. Id., § 5.

But by the practice provided for this class of cases no different rules have been prescribed for the disposition of the motion than those applied by this court for the decision of the same class of motions made in actions commenced and pending therein.

By those rules a motion to change the place of trial for any reason is required to be made with reasonable diligence after issue has been joined in the action. If it is not, that of itself is a sufficient reason for the denial of the motion. *Lynch* v. *Mosher*, 4 How. 86.

The issue in this action was joined on the 20th of September, 1873, and the order to show cause why the action should not be removed into this court and the place of trial changed was not made until the 8th of August, 1874. During that interval it was noticed for trial and placed on the calendar of the superior court, and two circuits have been held in the county of Queens, to which the defendant applied to have the place of trial changed.

This delay, together with the loss of these two circuits at which this action could probably have been tried, if the motion had been promptly noticed and the change made, constitute sufficient reason for the denial of the motion.

The order appealed from should be affirmed, with $10 costs and disbursements on the appeal to the respondent.

*Order affirmed.*